* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. ACE USA/ESIS was the carrier on the risk.
4. On December 1, 2003, plaintiff developed right carpal tunnel syndrome arising out of and in the course of her employment with defendant-employer. Defendants accepted the right carpal tunnel as compensable.
5. Defendants denied plaintiff's claim for left carpal tunnel syndrome.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 30, 2006, plaintiff and defendants mediated plaintiff's workers' compensation claims at the office of plaintiff's former attorney, Michael Brown. At the time of the mediation, plaintiff was capable of reading and writing, and had taken some college courses.
2. At the conclusion of the August 30, 2006 mediation, plaintiff, her attorney, the mediator, and defendants' counsel Paul Lawrence signed a Mediated Settlement Agreement. Mr. Brown confirmed and the Commission finds that the parties signed the Mediated Settlement Agreement on August 30, 2006, and that all portions of the Mediated Settlement Agreement were on the document at the time the parties affixed their signatures thereto.
3. Plaintiff testified that she signed the Mediated Settlement Agreement; however, plaintiff could not recall if all handwritten portions of the Agreement were present on the agreement at the time she signed it. *Page 3 
4. Pursuant to the signed Mediated Settlement Agreement, on September 19, 2006, defendants' counsel mailed Mr. Brown a completed Compromise Settlement Agreement, list of medical expenses, Release and Voluntary Resignation, and a complete copy of medical records.
5. Plaintiff thereafter refused to sign the Compromise Settlement Agreement and Mr. Brown subsequently withdrew his representation of plaintiff.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Mediated Settlement Agreement signed by the parties on August 30, 2006 fully complies with Rule 502(2) of the Workers' Compensation Rules and is a valid compromise settlement agreement subject to approval by the Industrial Commission pursuant to Rule 502(1). Lemly v. ColvardOil Company, 157 N.C. App. 99, 577 S.E. 2d 712 (2003).
2. Upon submission by the parties of the settlement agreement in this case, along with the supporting medical documentation, the Commission shall review the agreement to determine whether it is fair and just and in the best interest of all parties as required by the Workers' Compensation Rules.
 * * * * * * * * * * * *Page 4 
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The parties shall submit the compromise settlement agreement and supporting documents, including medical expenses, to Commissioner Mavretic. Thereafter, the Commission shall determine whether the agreement shall be approved.
2. Each side shall bear its own costs.
This 10th day of April, 2008.
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1